26770. WADE *v.* WILLIAMS.

DECIDED JULY 7, 1938. REHEARING DENIED JULY 22, 1938.

*Paul T. Chance,* for plaintiff in error. *Bussey & Fulcher,* contra.

STEPHENS, P. J. J. M. Williams of Philadelphia Pennsylvania, instituted suit against Dr. A. C. Wade of Augusta, Georgia, to recover $170 with interest, alleged to be due to the plaintiff by the defendant as a refund of the purchase-money paid by the plaintiff to the defendant in payment of a pointer dog sold by the de-

fendant to the plaintiff, and shipped to the plaintiff, under a contract by which it was agreed that should the dog prove unsatisfactory to the plaintiff the money would be refunded.

The case was tried before the judge of the superior court, by consent of the parties, upon an agreed statement of facts. It appeared undisputed from the evidence that on or about November 7, 1935, the defendant shipped the dog from Augusta to the plaintiff at Philadelphia, under an agreement by which the plaintiff bought the dog and paid the defendant the purchase-price, with the right in the plaintiff to a refund of the money if the dog proved unsatisfactory to him. On November 17, afterward, the plaintiff wrote to the defendant a letter in which he indicated that the dog was unsatisfactory, requested the defendant to give him instructions as to shipping the dog, and invited the defendant to refund the purchase-money. The defendant, in a letter dated November 21, in reply to the plaintiff's letter, instructed him to ship the dog to a Mr. Lunsford at Whittington, Illinois, and enclosed the defendant's check payable to the plaintiff in the amount of the purchase-price as a refund of the purchase-money. The plaintiff, instead of complying with instructions from the defendant, communicated with the defendant, on November 25, by telegram in which he stated that he suggested that he keep the dog a "few days more and try her again before shipping," and asked if this was satisfactory to the defendant. The defendant, on the same day, replied by telegram and stated that it was satisfactory to him for the plaintiff to keep the dog and to return the check which the defendant had sent him. The defendant followed this telegram with a letter of the same date to the plaintiff, in which the defendant stated that the plaintiff would never regret buying the dog, and requested the plaintiff, if he decided he wanted the dog, to return the check which the defendant had sent him, and "the matter will be closed." In this letter the defendant further stated that he had at the time three prospective buyers for the dog, and was shipping the dog "to Mr. Lunsford, who has her sire, and who has pronounced him one of the greatest bird dogs that he has seen in a long time," and that "the gentleman that I sold her sire to wants Bess [the dog], and I am sure will take her."

The defendant heard nothing from the plaintiff until he received from him a letter dated December 3, 1935, in which the plaintiff

stated that he had tried the dog again, but that "she did not come up to what" he wanted, and that the day before (December 2) he had sent the dog by express, as the defendant had requested, to Mr. Lunsford at Whittington, Illinois, and that the plaintiff had deposited the defendant's check in bank. This letter contained a copy of the telegram sent by the plaintiff to Mr. Lunsford, advising him of the shipment of the dog. There appears in evidence a memorandum of a contract with Railway Express Agency, showing shipment of the dog on December 2, 1935, by Mrs. J. M. Williams, to Thomas M. Lunsford at Whittington, Illinois. Before the last letter from the plaintiff, the defendant, on December 2 (the day on which the dog was shipped to Whittington, Illinois), wrote to the plaintiff a letter stating that the defendant had been expecting to hear from the plaintiff as to whether he intended to keep the dog, requesting the plaintiff to let the defendant hear from him at once, and stating that if the plaintiff did not want the dog the defendant would give him shipping instructions, as Mr. Lunsford had gone South for the winter, and the dog would have to be shipped to him at Brownsville, Tennessee; also, that the defendant presumed that the plaintiff intended to keep the dog, as the bank had informed the defendant that the plaintiff had not returned the check for collection or payment. This letter manifestly was not received by the plaintiff before the dog was shipped to Whittington, Illinois, on December 2, and before the plaintiff wrote to the defendant the letter of December 3, informing the defendant that the plaintiff had shipped the dog to Thomas M. Lunsford at Whittington, Illinois. On December 5, 1935, the defendant, in answer to the plaintiff's letter of December 3, wrote to the plaintiff as follows: "I received your letter this morning, wherein you state that you have shipped the pointer female Bess to Mr. T. M. Lunsford. In reply will say that I can not at this late date accept the return of the dog, as you have kept her an unusual length of time, and in doing so you have caused me to lose the sale of the dog. I have written you repeatedly, asking you to let me know what you intended doing, but did not receive any reply until this morning, when you advised me that you had shipped the dog to Mr. Lunsford. This is to notify you that I have stopped payment of my check, and that as far as I am concerned the dog is yours, and you can advise Mr. Lunsford accordingly. I consider that I am

within my right in doing what I am, as I returned your money, and in doing so expected the immediate return of the dog, but instead I received a wire from you saying that the dog had shown great improvement and that you would keep her a *few* more days, but instead you kept her twelve days. I feel confident that if you were placed in my position you would do exactly as I am doing, in refusing to accept the return of the dog."

The judge of the superior court, after considering the foregoing evidence, which was undisputed and uncontradicted, found for the plaintiff the amount sued for, and entered judgment accordingly. To this judgment the defendant excepted on the ground that it was contrary to law and without evidence to support it.

When the defendant, on November 21, in response to the plaintiff's letter of November 17, stating that the dog was unsatisfactory, requesting instructions as to shipping the dog and requesting the return of the purchase-money, gave the plaintiff instructions as to shipping the dog and mailed to the plaintiff a check for the amount of the purchase-money, all that remained to be done to accomplish a rescission of the contract between the plaintiff and the defendant was for the plaintiff to ship the dog according to the defendant's instructions. The plaintiff, instead of shipping the dog according to the defendant's instructions, asked the defendant if it would be satisfactory to him if the plaintiff would keep the dog a few days more and try her again. To this the defendant replied, in his telegram of November 25, and the letter following it of the same date, that it would be satisfactory to him for the plaintiff if the plaintiff decided that he wanted the dog, to keep the dog and return to the defendant the check which the defendant had sent him. The defendant, wherein he stated in this letter of November 25 that if the plaintiff decided that he wanted the dog he could return the check that the defendant had sent him, accepted the plaintiff's request that he be allowed to keep the dog for a few days longer and give the dog a further trial. The defendant furthermore, on December 2, 1935, which was the date on which the plaintiff shipped the dog to Whittington, Illinois, and before the defendant was aware of this fact, in a letter of that date to the plaintiff clearly indicated that he had given the plaintiff further time to consider closing the contract for the purchase of the dog, by requesting the plaintiff to inform him at once if he

did not want the dog, so that he could give the plaintiff further shipping instructions. The plaintiff therefore, on December 2, still had the right to reject the dog and rescind the contract. But did the plaintiff still have the right, on rejecting the dog and rescinding the contract, to act on the shipping instruction which the defendant had given him to ship the dog to Whittington, Illinois? The plaintiff, without further instruction from the defendant, shipped the dog to Mr. Lunsford at Whittington, Illinois, notifying the defendant of this fact, and at the same time notifying the defendant that the dog was not satisfactory. Whether or not the plaintiff's shipping the dog to Whittington, Illinois, as he was originally instructed by the defendant, amounted to a delivery of the dog to the defendant, the defendant did not complain of the act of the plaintiff in shipping the dog to Whittington, Illinois, as not being in accordance with instructions. The only complaint made by the defendant was in his letter to the plaintiff of December 5, in which the defendant complained only that the plaintiff had kept the dog an unusual length of time, that the defendant could not "at this late date accept the return of the dog," because the plaintiff had kept the dog for an unusual length of time, and in so doing had caused the defendant to lose the sale of the dog. The inference was therefore authorized that the plaintiff, in shipping the dog to Whittington, Illinois, delivered the dog to the defendant. It is clearly inferable, if the inference is not demanded, that until the time the plaintiff shipped the dog, on December 2, to Whittington, Illinois, the defendant had given to the plaintiff time within which to determine whether he would accept the dog, and that the defendant had no right to complain of the plaintiff's failure to elect whether he would keep the dog before this date. The plaintiff was within his right, under the contract, to refuse to accept the dog on the date on which he shipped it to Whittington, Illinois, and was entitled to a refund of the purchase-money. The evidence was sufficient to authorize the finding for the plaintiff against the defendant, in the sum sued for.

*Judgment affirmed. Sutton and Felton, JJ., concur.*